UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA A. ORESTANO,

    Plaintiff,

vs.                                          Case No. 8:05-CV-2354-T-27EAJ

LINDA S. MCMAHON,
Commissioner of Social Security,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge recommending that the decision of the Commissioner be affirmed (Dkt. 12). Plaintiff has filed objections to the Report and Recommendation (Dkt. 13), and no response to these objections has been filed.

### *Standard of Review*

The District Court is required to "make a *de novo* determination of those portions of the magistrate's report or ... recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

### *Discussion*

Plaintiff raises five objections to the Magistrate Judge's Report and Recommendation. The Court has conducted a *de novo* review of the Report and Recommendation and finds that the Magistrate Judge's conclusions should be adopted in full. Plaintiff's objections are addressed in turn.

1

*1. Failure to Properly Weigh Physician Opinions*

Plaintiff contends that the ALJ did not state with particularity the weight that was given to the opinions of Dr. Schwab and Dr. McAllister. Plaintiff also contends that the ALJ did not properly refute the opinion of Dr. McAllister. *See Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) ("the ALJ was required to state with particularity the weight he gave the different medical opinions and the reasons therefor"). This Court agrees with the Magistrate's finding that the ALJ did properly weigh and assign credibility to the opinions of Dr. Schwab and Dr. McAllister.

The ALJ considered the testimony of Dr. Schwab as one of Plaintiff's treating physicians. (T 413, 414, 418) Plaintiff's conclusory argument that the ALJ deleted "much of what he said" is without merit. The ALJ acknowledged that Dr. Schwab was an orthopedic specialist but noted that apart from opining that Plaintiff was unable to perform repetitive work as a cashier, he did not state that she was unable to do any work activity. (T 418) As for Dr. McAllister, the ALJ stated that he "is not an orthopedic specialist and not a long-term treating physician; he did not report any more specific limitations on the claimant's work-related functioning and he did not report that the claimant was unable to perform any work activity." (T 418)

In making findings regarding Plaintiff's residual functional capacity (RFC), the ALJ stated: "The undersigned accords greatest weight to the findings and opinion of long-term treating orthopedic specialist, Dr. Morris, with respect to the claimant's physical limitations. However, this residual functional capacity is not significantly inconsistent with the findings or opinions of any of the treating or examining sources of record." (T 420) Therefore, the ALJ properly weighed Dr. McAllister's and Dr. Schwab's opinions as treating physicians under the criteria specified in 20 C.F.R. § 404.1527(d) and stated the weight that their opinions were afforded.

Plaintiff also maintains that her Global Assessment Functioning (GAF) scores as assessed

by emergency room physicians indicate worsening mental problems. The Magistrate was correct in finding that the ALJ was charged with determining Plaintiff's RFC based on the evidence as a whole, and that GAF scores do not mandate a finding of disability. *Fries v. Barnhart*, 196 Fed. App'x 827, 833 (11th Cir. 2006) ("The RFC assessment is based on all the relevant medical and other evidence in the cased record"). Moreover, the ALJ considered Plaintiff's GAF scores and the two hospital admissions during which Plaintiff received low GAF scores. The ALJ found, however, that these admissions were due to intoxication, not symptoms of an acute mental disorder. (T 419)

2.   *Bilateral Manual Dexterity*

The ALJ found that Plaintiff was limited to the occasional use of her upper right extremity for reaching and for fine and gross manipulative activities. Plaintiff contends that this necessitates a determination that Plaintiff has a significant loss of bilateral manual dexterity, thus warranting a finding of disability. However, the ALJ concluded that Plaintiff did not exhibit significant manipulative limitations. The Magistrate was correct in determining this was based on substantial evidence in the record, including the opinions of Dr. Morris, Dr. Henderson, and Dr. Linder. (T 418)

3.   *Incomplete Hypothetical*

Plaintiff contends that the ALJ improperly failed to include Plaintiff's mental impairments in the hypothetical question posed to the vocational expert (VE). The ALJ is only required to include restrictions that he or she recognizes in the hypothetical question that is posed to the VE. *Bowling v. Shalala*, 36 F.3d 431, 435-36 (5th Cir. 1994).

In the ALJ's first hypothetical to the VE, the ALJ included the following criteria: "secondary to problems with anxiety; no work involving detailed or complex tasks." (T 456) Taking into account this limitation, the VE stated that Plaintiff could perform certain unskilled, light work. (T 457) Accordingly, the ALJ properly determined that Plaintiff could perform simple, repetitive,

3

unskilled work activity, based on the mental impairments that the ALJ recognized. (T 422)

4.   *Ms. Volatis's Testimony*

Plaintiff contends that the ALJ erred in not restating the testimony of Plaintiff's friend, Ms. Volatis, and the weight given to this testimony. The Magistrate Judge correctly determined that because the case was not remanded for lay witness credibility findings, there was no reason for the ALJ's second opinion to restate a credibility finding included in the first opinion. Moreover, the ALJ's explicit rejection of Plaintiff's testimony implies a rejection of Ms. Volatis's testimony. *Osborn v. Barnhart*, 194 Fed. App'x 654, 666 (11th Cir. 2006).

5. *Contradiction between ALJ Opinions*

Plaintiff argues that the ALJ's determinations in the original order and the second order following remand are impermissibly contradictory. Specifically, the ALJ determined in the November 3, 2000 order that Plaintiff did not engage in substantial gainful activity from November 1997 through May 1998, but determined in the April 11, 2003 order that she did engage in substantial gainful activity during this time period. The Court agrees with the Magistrate that the ALJ's latter finding was based on substantial evidence. Plaintiff worked five hours per day, five days per week, for earnings of "well over" $500 per month. 20 C.F.R. § 404.1572 (part-time work can qualify as substantial gainful activity).

## *Conclusion*

After careful consideration of Report and Recommendation and Plaintiff's objections, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1) The Report and Recommendation (Dkt. 12) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) The decision of the Commissioner is **AFFIRMED**.

3) The clerk is directed to enter final judgment in favor of Defendant pursuant to 42 U.S.C. § 405(g).

4) All pending motions are **DENIED** as moot.

5) The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 26th day of March, 2007.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record